UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PRINCE EDWARD JONES,

           Plaintiff,

  v.

DISTRICT OF COLUMBIA, *et al.*,

           Defendants.

Civil Action No. 11-0275 (BAH)

## MEMORANDUM OPINION

This matter is before the Court on the District of Columbia's motion to dismiss and for judgment on the pleadings [Dkt. #10], the Metropolitan Police Department's motion to dismiss [Dkt. #21], the plaintiff's motions to amend the complaint [Dkt. #24-25] and to subpoena records [Dkt. #6]. For the reasons discussed below, the District of Columbia defendants' motions to dismiss will be granted, and the plaintiff's motions will be denied.

### I. BACKGROUND

The events giving rise to the plaintiff's complaint began on February 19, 2006, when plaintiff "placed a call to 911 reporting that a female was . . . attempting to break-in" to his residence. Compl. ¶ 7. Officer Jarlith Cady of the Metropolitan Police Department ("MPD") responded to the call, *id.* ¶¶ 8-9, and brought "along with him the female who had attempted" the burglary. *Id.* ¶ 9. According to the plaintiff, "[i]nstead of investigating the female for the Burglary-in-progress call," *id.* ¶ 10, Officer Cady "seize[d] Plaintiff's house keys by force, open[ed] plaintiff['s] front door . . . and . . . search[ed his apartment] without probable cause or

1

warrant." *Id.* ¶ 11.  Apparently based on information acquired during this search, *see id.* ¶ 12, a search warrant was obtained and Officer Cady and Detective Kevin Tighe conducted a second search of the plaintiff's residence on February 20, 2006.[1]  *Id.* ¶¶ 12-13.

Plaintiff has asserted that the officers not only obtained the search warrant based on "second hand information," *id.* ¶ 12, but also exceeded its scope by seizing items that were not listed in the warrant, *id.* ¶¶ 14-15.  As a result, the "[p]laintiff was arrested . . . and falsely charged for a crime." *Id.* ¶ 16.  Although the Superior Court of the District of Columbia "found that there was no probable cause and dismissed all charges" against the plaintiff on February 22, 2006, *id.* ¶ 17, the plaintiff found himself in the custody of the State of Maryland on March 16, 2006, *id.* ¶ 6.  The defendants allegedly turned over this property to "the State of Maryland Prince Georges [sic] County States Attorneys [sic] Office [which] wrongfully used the illegally obtained property" as evidence against him.  *Id.* ¶ 18.

The Superior Court of the District of Columbia "found that there was no probable cause and dismissed all charges" against the plaintiff on February 22, 2006, Compl. ¶ 17, and on June 17, 2010, that Court "issued an order for the . . . [MPD] to return to the [plaintiff] the property seized from [his residence] on February 20, 2006." *Id.* ¶ 19.  According to the plaintiff, MPD "has refused to comply" with the order.  *Id.* ¶ 20.

The plaintiff brings this action under 42 U.S.C. § 1983, and he alleges violations by the District of Columbia and the MPD[2] of rights protected under the Fourth, Fifth and Fourteenth

---

[1] It appears that Detective Tighe has retired from the MPD, and has not been served with process.  *See* Process Receipt and Return [Dkt. #11].  He will be dismissed without prejudice as a party to this action.

[2] The MPD is a component of the District of Columbia government, and it not itself subject to suit.  *See Kundrat v. District of Columbia*, 106 F. Supp. 2d 1, 5 (D.D.C. 2000).  The Court will dismiss the MPD as a party defendant.  *See Swinson v. D.C. Metro. Police Dep't*, No. 08-0809,

Amendments to the United States Constitution.³ *See* Compl. ¶¶ 22-25 (Count I). He demands monetary damages as compensation for the economic and psychological harms he allegedly has suffered. *See id.* ¶¶ 23-25, 33, 37-39, 45.

## II. DISCUSSION

### A. Dismissal Under Rule 12(b)(6)

The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly v. Bell Atl. Corp.*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A motion under Rule 12(b)(6) does not test a plaintiff's likelihood of success on the merits; rather, it tests whether a plaintiff properly has stated a claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 924 (1978). "When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)) (other citations omitted). Although "detailed factual allegations" are not required to withstand a Rule 12(b)(6) motion, a plaintiff must offer "more than labels and conclusions," *Twombly*, 550 U.S. at 555, to provide grounds of "entitle[ment] to relief," *id.* 557. Or as the Supreme Court more recently stated, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

---

2009 WL 1327225, at *2 (D.D.C. May 12, 2009); *Hinton v. Metro. Police Dep't, Fifth Dist.*, 726 F. Supp. 875, 875 (D.D.C. 1989).

³ The Fourteenth Amendment does not apply to the District of Columbia, *see Bolling v. Sharpe*, 347 U.S. 497, 498 (1954), and the plaintiff's claims under the Fourteenth Amendment will be dismissed.

3

*Iqbal*, __ U.S. __, __, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556).

### *B. The Complaint Fails to Allege the District of Columbia's Liability for Violations of Plaintiff's Civil Rights.*

The District of Columbia moves to dismiss the plaintiff's § 1983 claims "because [the complaint] fails to allege that the asserted constitutional violation was caused by a District custom, policy, or practice." Mem. of P. & A. in Supp. of Def. Dist. of Columbia's Mot. to Dismiss and for J. on the Pleadings ("Def.'s Mem.") at 6. According to the District, "there are no allegations anywhere in the complaint . . . that an official policy or custom of the District was the 'moving force' behind the purported Fourth [and] Fifth[] Amendment violations." *Id.* at 7. While accepting as true the plaintiff's allegations as to violations of constitutionally-protected rights, the Court concurs that the complaint fails to allege the District of Columbia's liability for these harms.

In relevant part, 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

*Id.* "Under 42 U.S.C. § 1983, a municipality, such as the District, is only liable for the acts of its employees if a plaintiff can show that: (1) he was deprived of a constitutional right; and (2) such deprivation was the result of a government policy or custom. *Hampton v. Gov't of the District of*

4

*Columbia*, __ F. Supp. 2d __, __, 2011 WL 532131, at *2 (D.D.C. Feb. 14, 2011) (citing *Warren v. District of Columbia*, 353 F.3d 36, 38 (D.C. Cir. 2004)); *see Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 691-94 (1978); *Rogala v. District of Columbia*, 161 F.3d 44, 56 (D.C. Cir. 1998) ("A municipality may be sued under [§] 1983 for implementing or executing a policy or custom that causes the deprivation of an individual's constitutional rights."). "Respondeat superior, or vicarious liability, will not attach under § 1983, and therefore a municipality cannot be held liable solely because it employs a tortfeasor." *Burnett v. Sharma*, 511 F. Supp. 2d 136, 141 (D.D.C. 2007) (internal quotation marks and citations omitted). It is the plaintiff's burden to plead the existence of a municipal policy, custom or practice that violated his federal constitutional or statutory rights, *see, e.g., Bonaccorsy v. District of Columbia*, 685 F. Supp. 2d 18, 26 (D.D.C. 2010), and his failure to do so renders the complaint subject to dismissal. *See Dant v. District of Columbia*, 829 F.2d 69, 77 (D.C. Cir. 1987); *Olaniyi v. District of Columbia*, __ F. Supp. 2d __, __, 2011 WL 339215, at *18 (D.D.C. Feb. 4, 2011) ("[T]o survive a motion to dismiss, a complaint asserting a § 1983 claim must allege a predicate constitutional violation which was caused by a policy of the District of Columbia."); *see also Rudder v. Williams*, No. 09-2174, 2010 WL 2521723, at *2 (D.D.C. June 22, 2010) (dismissing § 1983 claim against the District where the complaint "merely recite[d] the elements of municipal liability" without any factual allegations in support).

Count I on the complaint purports to charge the District with violations of the plaintiff's Fourth and Fifth Amendment rights, due to the "individual Defendants['] . . . unreasonable and unnecessary action to intentionally damage [the plaintiff] by abuse of authority in violation of his rights of due process." Compl. ¶ 22. As a result, the plaintiff alleges, he "suffered substantial economical[,] psychological and emotional mental shock." *Id.* ¶ 23. In addition to the "loss of a

classic automobile, . . . employment, . . . [and] personal property, *id.* ¶ 24, he also alleges "loss of liberty [and] credit damages," *id.* ¶ 25. Nowhere does the plaintiff allege that these harms are the direct result of a District of Columbia policy, practice, or custom.

The plaintiff cannot proceed on a theory of vicarious liability, that is, holding the District of Columbia responsible for any constitutional violation allegedly committed by Officer Cady or Detective Tighe. Even if these defendants unlawfully entered and searched the plaintiff's residence, *see* Compl. ¶¶ 29-30, or "acted with ill-will motivated by evil motives and intent to involve reckless callous with deliberate indifference to federally protected rights," *id.* ¶ 33, or participated in a conspiracy to violate the plaintiff's Fourth Amendment rights, *id.* ¶ 35, the plaintiff fails to meet his burden to plead that the alleged deprivations of his constitutional rights were the result of a municipal policy, practice or custom.

The defects of the original complaint are not cured by the plaintiff's proposed amendments. His first proposed amendment, to Count I of the complaint, focuses on the MPD's alleged failure to return property pursuant to the Superior Court's June 17, 2010 Order. *See generally* Motion to Amendment Matter of Course Supplemental Pleading [Dkt. #24]. It is not enough to allege that "[t]he District of Columbia is vicariously liable for [the] actions of the MPD which "has not complied with the [S]uperior [C]ourt order." *Id.* at 2. The plaintiff is no more successful in his attempt to amend Count V of the complaint by alleging "deliberate indifference" to his Fifth Amendment rights by the MPD's alleged refusal to honor "a notarized letter which expressly authorized plaintiff's representative to receive the property on his behalf." Motion to Amendment Matter of Course Supplemental Pleading [Dkt. #25] at 2. In neither case does the plaintiff connect any alleged violation of his constitutionally-protected rights to a municipal policy, practice or custom.

6

III. CONCLUSION

The Court concludes that the complaint fails to state a claim under 42 U.S.C. § 1983 against the District of Columbia or the MPD. The motions to dismiss filed on behalf of the District of Columbia and the MPD will be granted, and the plaintiff's motions to amend his complaint will be denied as moot.[4] An Order accompanies this Memorandum Opinion.

DATE: June 3, 2011 /s/ *Beryl A. Howell*
BERYL A. HOWELL
United States District Judge

---

[4] Discovery in this case has not yet begun, and the plaintiff's Motion to Subpoena Records [Dkt. #6] will be denied without prejudice to consideration at a later date.